Ariann J-HANNA, Plaintiff-Appellant,

v.

ENTERPRISE RENT-A-CAR COMPA-
NY OF SAN FRANCISCO, LLC,
Defendant-Appellee.

No. 14-15057

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed January 04, 2017

Ariann J-Hanna, Pro Se

Neal Brooks Thomas, Esquire, Attor-
ney, Michael Gary Kelley, Esquire, Attor-
ney, Thomas Markson Rubin & Kelley PC,
Phoenix, AZ, for Defendant-Appellee

Before: WALLACE, LEAVY, and
FISHER, Circuit Judges.

MEMORANDUM **

Ariann J-Hanna appeals pro se from the
district court's summary judgment in her
diversity action alleging state law claims in
connection with her purchase of a vehicle.
We have jurisdiction under 28 U.S.C.
§ 1291. We review de novo. *T.W. Elec.
Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
809 F.2d 626, 629 (9th Cir. 1987). We
affirm.

The district court properly granted sum-
mary judgment on J-Hanna's Arizona Con-
sumer Fraud Act and common law fraudu-
lent concealment claims because J-Hanna
failed to raise a genuine dispute of materi-
al fact as to whether Enterprise was a
party to the sale of a vehicle to J-Hanna
and whether it had knowledge of any al-
leged defect. *See Sullivan v. Pulte Home
Corp.*, 231 Ariz. 53, 290 P.3d 446, 454-55
(Ct. App. 2012) (subsequent purchasers do
not have a cause of action under Arizona's
Consumer Fraud Act against the seller in
the original sales transaction; to establish
a common law fraudulent concealment
claim, a plaintiff must show the defendant
was a party to a transaction with the plain-
tiff), *vacated in part on other grounds by*,
232 Ariz. 344, 306 P.3d 1 (2013).

The district court did not abuse its dis-
cretion by denying J-Hanna's motions to
submit evidence because J-Hanna failed to
demonstrate good cause for seeking to
submit evidence several months after the
discovery deadline had passed, and J-Han-
na did not seek an extension of time to
complete discovery. *See Jones v. Blanas*,
393 F.3d 918, 926 (9th Cir. 2004) (setting
forth standard of review); *Johnson v.
Mammoth Recreations, Inc.*, 975 F.2d 604,
607-09 (9th Cir. 1992) (party seeking modi-
fication of a scheduling order must demon-
strate good cause, the focus of which is the
diligence of the moving party).

We reject as without merit J-Hanna's
contention regarding the district court's
grant of her motion to compel.

We do not consider matters not specifi-
cally and distinctly raised and argued in
the opening brief, or arguments and alle-
gations raised for the first time on appeal.
*See Padgett v. Wright*, 587 F.3d 983, 985
n.2 (9th Cir. 2009).

We do not consider documents not pre-
sented to the district court. *See United*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

*States v. Elias,* 921 F.2d 870, 874 (9th Cir. 1990).

J-Hanna's motion to submit physical exhibits, dated May 12, 2014, is denied.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.